UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of SCI INFRASTRUCTURE LLC; and SCI INFRASTRUCTURE LLC, a Washington limited liability company,<br><br>Plaintiffs,<br>v.<br><br>CHEROKEE GENERAL CORPORATION, an Oregon corporation; and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>**JURY DEMAND** |

Plaintiffs, United States of America, for the use and benefit of SCI Infrastructure LLC, and SCI Infrastructure LLC (hereinafter collectively referred to as "SCI"), allege as follows:

I.   **PARTIES**

1.   SCI is, and at all times material to this action was, a limited liability company organized and existing under the laws of the State of Washington, and a licensed construction contractor under the laws of the State of Washington. SCI has met all other prerequisites to maintain this action.

2.   Defendant Cherokee General Corporation ("Cherokee") is an Oregon corporation. Cherokee was the prime contractor to the United States Army Corps of Engineers ("Government") for the construction project known as "USACE-S YTC Repair

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

Selah Airstrip, Yakima WA, W912DW-14-D-1002 0012," at the United States Army's Yakima Training Center (the "Project").

3. SCI performed work as a subcontractor to Cherokee for the Project.

4. Hartford Fire Insurance Company ("Hartford"), on information and belief, is a Connecticut corporation and a compensated surety and bonding company for Cherokee.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction as this case arises under the Miller Act, 40 U.S.C. § 3131, *et seq.* In accordance with the Miller Act, and as part of its obligations pertaining to the Project, Cherokee, as principal, and Hartford, as surety, provided to the United States of America a payment bond, Bond No. 52BCSHH7744 ("Bond"). The Bond is attached as Exhibit A. Cherokee and Hartford are each jointly and severally liable for full payment up to the penal sum of the Bond to persons and entities who supplied labor and materials in connection with the Project, including SCI.

6. This Court also has supplemental jurisdiction over this dispute pursuant to 28 U.S.C. §1367.

7. This action involves a payment dispute on a Federal Government construction project in Yakima County, Washington. Venue is proper in this Judicial District, pursuant to the venue selection provision in the contract between SCI and Cherokee and the agreement of the parties in the First Lawsuit (defined below).

8. This action should be assigned to the Seattle Division pursuant to the venue selection provision in the contract between SCI and Cherokee and the agreement of the parties in the First Lawsuit (defined below).

## III.   FACTS

9. SCI entered into a subcontract (the "Subcontract") with Cherokee, by which SCI agreed to provide labor and materials in connection with the Project.

10. SCI has performed all conditions, covenants, obligations, and promises required to be performed on its part under the Subcontract or has been excused from so doing

COMPLAINT - 2

by the actions, omissions, and/or directions of Cherokee or by operation of law, but has not been paid in full for its work.

11. During SCI's performance on the Project, SCI's work was delayed, changed, and impacted by Cherokee and other causes beyond SCI's reasonable control and for which Cherokee is responsible. As a result, SCI was forced to incur substantial costs beyond SCI's reasonable contemplation at the time of its bid and execution of the subcontract with Cherokee.

12. Cherokee repeatedly promised SCI would receive payment for work performed. Despite knowing of SCI's reliance on the promises of payment, Cherokee withheld payment to SCI's detriment.

13. While SCI's work was ongoing, Cherokee directed SCI to suspend work on the Project and keep its personnel and equipment on-site and on standby for a substantial period of time. With Cherokee's knowledge and for Cherokee's benefit, SCI incurred substantial costs complying with Cherokee's directives. Cherokee promised to pay SCI for the costs incurred with keeping its personnel and equipment on standby but failed to do so.

14. As a result of actions and inactions for which Cherokee is responsible, the Government terminated its prime contract with Cherokee for default.

15. Cherokee has wrongfully failed to pay SCI for work performed pursuant to the Subcontract and for SCI's additional costs incurred in compliance with Cherokee's directives. The unpaid principal amount due and owing is $1,602,116.96 or such other sum as will be proven at trial plus interest, costs and attorney fees.

16. SCI previously filed suit against Defendants in Federal Court, Western District of Washington, under Cause No. 2:17-cv-01908-JLR ("First Lawsuit"). The First Lawsuit was assigned to Judge James L. Robart. As part of an interim partial settlement agreement, SCI and Defendants agreed to dismiss the First Lawsuit without prejudice and toll the statute of limitations for re-filing SCI's claims pending resolution of a separate lawsuit in the Court of Federal Claims between Cherokee and the Government ("Government

COMPLAINT - 3

Lawsuit"). The Government Lawsuit has now been dismissed with prejudice as a result of a settlement agreement between Cherokee and the Government.

### IV. FIRST CAUSE OF ACTION: CLAIM AGAINST PAYMENT BOND UNDER MILLER ACT

17. SCI has satisfied all the statutory requirements for pursuing a claim against the Bond.

18. Under the Subcontract, SCI is entitled to recover its reasonable attorneys' fees and costs incurred to enforce the Subcontract, collect damages for Cherokee's breach, and recover on the Bond.

19. In accordance with the terms of the Bond and the Miller Act, Cherokee and Hartford are jointly and severally liable to SCI in the principal amount of $1,602,116.96, or such other sums as will be proven at trial, together with interest at the maximum rate legally permissible from the date said sums were due, the late payment interest penalty as provided under the Prompt Payment Act, costs, all recoverable attorneys' fees, and such other amounts as may be proven at trial.

### V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT FOR SUMS OWING

20. Under the Subcontract, SCI is entitled to recover its reasonable attorneys' fees and costs incurred to enforce the Subcontract, collect damages for Cherokee's breach, and recover on the Bond. Cherokee has failed to pay the sum of $1,602,116.96, or such other sum as will be proven at trial, owing under the terms of the Subcontract and for costs incurred due to Cherokee's directives, actions, and omissions. Cherokee's conduct in failing and refusing to timely pay SCI for all labor and material provided to the Project constitutes a breach of the Subcontract.

21. As a direct and proximate result of Cherokee's breach, SCI has suffered damages in the amount of $1,602,116.96, or such other sum as will be proven at trial, together with interest at the maximum legally permissible rate from the date said sums were due, costs, attorneys' fees, and such other amounts as may be proven at trial.

## VI. THIRD CAUSE OF ACTION:  VIOLATION OF PROMPT PAYMENT ACT

22. Cherokee's conduct in failing and refusing to pay SCI for all labor and material it provided to the Project within seven (7) days such amounts were due SCI is in violation of 31 U.S.C. § 3901, *et seq.* ("the Prompt Payment Act"). As a consequence, pursuant to the Prompt Payment Act, SCI is entitled to be paid the full Subcontract price, as well as the statutory late payment interest penalty calculated beginning the day after the required payment date.

## VII. FOURTH CAUSE OF ACTION:  UNJUST ENRICHMENT AND QUANTUM MERUIT

23. Cherokee requested and directed SCI to perform work on the Project, and through its statements and conduct indicated that Cherokee would pay SCI the reasonable value of the work performed.

24. SCI performed at Cherokee's request and direction, and provided benefits to Cherokee in performing the Project. Cherokee accepted the benefits provided by SCI. Cherokee has wrongfully refused and failed to pay the full, fair, and reasonable value of the work performed by SCI, thus breaching its promises to SCI.

25. Cherokee has been unjustly enriched at SCI's expense and under the circumstances it would be unjust for Cherokee to retain the benefits without compensating SCI for their value.

26. SCI, at the request of Cherokee and with Cherokee's knowledge, provided, performed, furnished and/or installed services, labor, material, and equipment in the course of performing its construction work, all of which were incorporated for the benefit of Cherokee and the Project.  The reasonable value of the work performed by SCI significantly exceeds the amounts Cherokee has paid SCI on the Project.

27. As an alternative claim for relief, SCI is entitled to recover, on the basis of the equitable doctrine of *quantum meruit* and in order to avoid unjust enrichment, the full, fair and reasonable value of the work it performed, which is at least $1,602,116.96.

COMPLAINT - 5

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

### VIII. FIFTH CAUSE OF ACTION: PROMISSORY ESTOPPEL

28. At various times throughout the Project, Cherokee directed SCI to continue performing work. Through its statements and conduct, Cherokee indicated it would pay SCI the reasonable value of the work performed in response to these instructions. SCI performed work on the Project in reliance on Cherokee's promises to provide payment for work completed. SCI's reliance on Cherokee's promises were reasonable and foreseeable.

29. Cherokee accepted the benefits provided by SCI. Cherokee has wrongfully refused and failed to pay the full, fair, and reasonable value of the work performed by SCI, thus breaching its promises to SCI.

30. SCI is entitled to recover on the basis of promissory estoppel the full, fair and reasonable value of the work it performed, which is at least $1,602,116.96.

### IX. SIXTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

31. Cherokee indicated through its statements and conduct that requests for payment were submitted to the Owner on behalf, in part, of SCI. Additionally, Cherokee promised to pay SCI for the work.

32. In reliance on these representations, SCI continued work on the Project and provided, performed, furnished and/or installed services, labor, material, and equipment in the course of performing its construction work, all of which were incorporated for the benefit of Cherokee and the Project.

33. Cherokee's omission of material facts constitutes negligent misrepresentation. Cherokee had an affirmative legal duty to fully and truthfully disclose certain material facts. Cherokee failed to supply relevant information to SCI to induce SCI to continue work on the Project without being paid. Cherokee knew or should have known that SCI would rely on the statements or conduct indicating they would pay SCI. Cherokee was negligent in failing to obtain or communicate accurate and complete information. SCI relied on the false statements that Cherokee would pay SCI for work performed. SCI was legally entitled to rely on that

information. Cherokee's material omissions proximately caused SCI to incur damages in an amount to be proven at trial, but at least $1,602,116.96.

## X. DEMAND FOR JURY

Pursuant to Fed. R. Civ. P. 38 and LCR 38, Plaintiff hereby demands trial by jury.

## XI. PRAYER FOR RELIEF

WHEREFORE, SCI requests Judgment as follows:

1. For judgment against Defendants jointly and severally in the principal sum of $1,602,116.96, or such other sum as will be proven at trial, plus interest at the maximum rate legally permissible from the date said sums were due, the late payment interest penalty as provided under the Prompt Payment Act, recoverable attorneys' fees, and costs.

2. For such other and further relief as the Court may deem just and equitable.

DATED: March 11, 2022.

ASHBAUGH BEAL LLP

By: *s/ Robert S. Marconi*
Robert S. Marconi, WSBA # 16369
bmarconi@ashbaughbeal.com
701 5th Avenue, Suite 4400
Seattle, WA 98104
*Attorney for SCI Infrastructure, LLC.*

ASHBAUGH BEAL LLP

By: *s/ Brian M. Guthrie*
Brian M. Guthrie, WSBA # 41033
bguthrie@ashbaughbeal.com
701 5th Avenue, Suite 4400
Seattle, WA 98104
*Attorney for SCI Infrastructure, LLC.*

Exhibit A

Bond No. 52BCSHH7744

| PAYMENT BOND  (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract)  September 21, 2016 | OMB Control Number: 9000-0045  Expiration Date: 7/31/2019 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 60 minutes to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

PRINCIPAL (Legal name and business address)

Cherokee General Corporation
33810 Weyerhaeuser Way S Ste 100
Federal Way, WA 98001

TYPE OF ORGANIZATION ("X" one)
[ ] INDIVIDUAL  [ ] PARTNERSHIP  [ ] JOINT VENTURE
[X] CORPORATION  [ ] OTHER (Specify)

STATE OF INCORPORATION
OR

SURETY(IES) (Name(s) and business address(es))

Hartford Fire Insurance Company
One Hartford Plaza
Hartford, CT 06155-0001

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 7 | 246 | 915 | 90 |

| CONTRACT DATE | CONTRACT NUMBER |
|---|---|
| 9/16/2016 | W912DW-14-D-1002 TO 0012 |

OBLIGATION: YTC Repair Selah Airstrip, Yakima Training Center, WA

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**Cherokee General Corporation** — PRINCIPAL

SIGNATURE(S): 1. [signature] (Seal)  2. (Seal)  3. (Seal) — Corporate Seal
NAME(S) & TITLE(S) (Typed): 1. Kathleen E. Villars, Vice President  2.  3.

INDIVIDUAL SURETY(IES)

SIGNATURE(S): 1. (Seal)  2. (Seal)
NAME(S) (Typed): 1.  2.

CORPORATE SURETY(IES)

SURETY A
NAME & ADDRESS: Hartford Fire Insurance Company, One Hartford Plaza, Hartford, CT 06155-0001
STATE OF INCORPORATION: CT
LIABILITY LIMIT: $7,246,915.90
SIGNATURE(S): 1. [signature] Jeffrey D. Kawamoto  2.
NAME(S) & TITLE(S) (Typed): 1. Jeffrey D. Kawamoto, Attorney-in-Fact  2.
Corporate Seal

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

| | | CORPORATE SURETY(IES) *(Continued)* | | | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25A (REV. 8/2016) BACK**

# POWER OF ATTORNEY

*Direct Inquiries/Claims to:*
**THE HARTFORD**
BOND, T-12
One Hartford Plaza
Hartford, Connecticut 06155
Bond.Claims@thehartford.com
*call:* **888-266-3488** *or fax:* **860-757-5835**

Agency Name: M&T INSURANCE AGENCY INC
Agency Code: 52-812737

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

| | |
|---|---|
| [X] | **Hartford Fire Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| [X] | **Hartford Casualty Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| [X] | **Hartford Accident and Indemnity Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Hartford Underwriters Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Twin City Fire Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Insurance Company of Illinois**, a corporation duly organized under the laws of the State of Illinois |
| [ ] | **Hartford Insurance Company of the Midwest**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Insurance Company of the Southeast**, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, **up to the amount of** Unlimited :

Richard G. Avery, Jeffrey D. Kawamoto, Robin V. Russell, Ronna J. Waggaman, Griffin F. Willson of ROCKVILLE, Maryland

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ⊠, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**In Witness Whereof**, and as authorized by a Resolution of the Board of Directors of the Companies on May 6, 2015 the Companies have caused these presents to be signed by its Senior Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



John Gray, Assistant Secretary

M. Ross Fisher, Senior Vice President

**STATE OF CONNECTICUT** } ss. Hartford
**COUNTY OF HARTFORD**

On this 11th day of January, 2016, before me personally came M. Ross Fisher, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Senior Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.

Nora M. Stranko
Notary Public
My Commission Expires March 31, 2018

**CERTIFICATE**

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of September 21, 2016.
Signed and sealed at the City of Hartford.



Kevin Heckman, Assistant Vice President

POA 2016