UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of SCI INFRASTRUCTURE LLC; and SCI INFRASTRUCTURE LLC, a Washington limited liability company,<br><br>                 Plaintiffs,<br>   v.<br><br>CHEROKEE GENERAL CORPORATION, an Oregon corporation; and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>                 Defendants. | CASE NO. 2:22-cv-00299-LK<br><br>ORDER GRANTING MOTION FOR STAY AND TO JOIN NORTH AMERICAN SPECIALTY INSURANCE COMPANY |

      This matter comes before the Court on the stipulated motion of plaintiff SCI Infrastructure LLC ("SCI"), defendant Cherokee General Corporation ("Cherokee"), and defendant Hartford Fire Insurance Company ("Hartford") seeking a stay of this proceeding and joinder of North American Specialty Insurance Company ("NASIC"). Dkt. No. 10-1. Cherokee also seeks leave under Federal

Rules of Civil Procedure 13(h) and 20(a) to join NASIC as a counterclaim defendant at the time that Cherokee files its answer and counterclaims. Dkt. No. 10-1 at 4.

A case schedule may be modified only for good cause and with the Court's consent. LCR 16(b)(6); *see also* LCR 10(g). The Court finds that the parties have established good cause for a stay because, as related in the motion, the parties have entered an agreement that prohibits suit by SCI or Cherokee against one another or against their respective sureties, NASIC and Hartford, until 60 days after the resolution of an ongoing lawsuit between Cherokee and the United States Army Corps of Engineers (the "Tolling Period"). Dkt. No. 10-1 at 3.

The Court also finds that the requirements for joinder of NASIC are met. Under Federal Rule of Civil Procedure 20(a)(2), a party may be joined as a defendant if (1) a right to relief is asserted against it relating to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is some question of law or fact common to all defendants. Joinder must comport with the principles of fundamental fairness. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (a court should consider such factors as the possible prejudice to the parties in the litigation, the closeness of the relationship between the new and the old parties, and the new party's notice of the pending action). Here, the parties stipulate to the following:

1. NASIC is a compensated surety and bonding company for SCI, and Cherokee's counterclaims will assert that NASIC's liability to Cherokee is coextensive with SCI's liability to Cherokee;
2. NASIC's alleged liability arises out of the same transaction, occurrence, or series of transactions or occurrences at issue between the existing parties;
3. Questions of law and fact common to NASIC and the existing parties will arise; and

ORDER GRANTING MOTION FOR STAY AND TO JOIN NORTH AMERICAN SPECIALTY INSURANCE COMPANY - 2

4. Joinder of NASIC comports with principles of fundamental fairness because joinder of NASIC "will result in no prejudice to any party, will result in no delay to the litigation, and will not disturb this Court's exercise of jurisdiction over this action."

Dkt. No. 10-1 at 4. NASIC's Vice President has also signed the stipulated motion. *Id.* at 5. Based on the parties' stipulation, the Court finds that the requirements for joinder have been met. *See also U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426 (9th Cir. 1985).

For these reasons, the Court GRANTS the motion and ORDERS a stay of this proceeding. The parties are DIRECTED to submit a status report to the Court providing the date upon which the Tolling Period will conclude as soon as that date is known. The Court also GRANTS leave to Cherokee to join NASIC as a counterclaim defendant at the time that its counterclaims are filed.

Dated this 27th day of May, 2022.

Lauren King
United States District Judge